UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BETTY MARAJ, Administratrix of the Estate of Darryl Leslie, <br><br> Plaintiff, <br><br> v. <br><br> COMMONWEALTH OF MASSACHUSETTS, et al., <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> *  Civil Action No. 10-12251-JLT <br> * <br> * <br> * <br> * <br> * |

MEMORANDUM

July 17, 2013

TAURO, J.

I.   Introduction

Darryl Leslie died of a heart-related event while a prisoner at the Suffolk County House of Correction.  Plaintiff, the administratrix of the estate of Leslie, filed this action against several corrections officers who were involved in the transport of Leslie around the time of his death.  Plaintiff brings a claim under 42 U.S.C. § 1983 alleging that Defendants used excessive force and were deliberately indifferent to Leslie's medical needs, in violation of the Eighth and Fourteenth Amendments.  Defendants moved for summary judgment as to all counts.  For the reasons set forth below, Defendants' Motion for Summary Judgment [#82] is ALLOWED as to Plaintiff's § 1983 claim, and Plaintiff's battery claim is dismissed without prejudice.

II.   Background[1]

On December 30, 2010, Plaintiff filed a Complaint [#1] in this court. After several motions to dismiss, Plaintiff filed an Amended Complaint [#65]. Plaintiff's theory of liability appears to be that Defendants caused Leslie's death through their (1) application and use of the Emergency Restraint Belt ("ERB"), and (2) delay in administering medical treatment.

After Leslie died in custody, the Office of the Chief Medical Examiner performed an autopsy on Leslie and issued a report.[2] The Examiner found that there was no evidence of blunt force trauma.[3] The Examiner determined the "cause of death" to be "probable onset of cardiac dysrhythmia as a result of myxomatous degeneration of mitral valve in the setting of reported acute agitation requiring restraint."[4] In other words, the Examiner found that Leslie had a diseased heart valve (myxomatous degeneration of the mitral valve), which was a pre-existing heart condition and which caused Leslie to experience an irregular heartbeat (dysrhythmia) and ultimately led to Leslie's cardiac arrest.[5] The Examiner also found that Leslie's heart was enlarged and the heart wall was thickened.[6] The Examiner could not determine the "manner of death."[7]

---

[1] This court deems admitted Defendants' Statement of Material Facts [#84], as Plaintiff has not properly controverted these facts. See Local Rule 56.1.

[2] Defs.' St. Mat. Facts ¶ 81.

[3] Defs.' St. Mat. Facts ¶¶ 82, 83.

[4] Defs.' St. Mat. Facts ¶ 84, Ex. C.  Am. Compl. ¶ 80 [#65].

[5] Defs.' St. Mat. Facts ¶¶ 84, 87, Ex. C.  Am. Compl. ¶ 81.

[6] Defs.' St. Mat. Facts ¶ 85.  Am. Compl. ¶ 81.

[7] Defs.' St. Mat. Facts ¶ 88.

On May 8, 2012, this court issued a Scheduling Order [#64] requiring the parties to inform the court of their retention of experts by June 8, 2012. The court allowed the parties' joint motion for an extension of the expert deadline until July 31, 2012. On June 29, 2012, Defendants timely notified the court of their retention of a medical expert, Dr. Thomas Piemonte. Plaintiff, however, missed the July 31 deadline. On August 1, 2012, Plaintiff moved to extend the expert deadline until September 15, 2012. Plaintiff missed the September 15 deadline as well. Two days later, on September 17, 2012, Plaintiff filed a Notice [#73], stating: "Plaintiff in the above mentioned civil matter will not be retaining the services of an expert."

Defendants moved for summary judgment on January 2, 2013. Plaintiff failed to file an opposition by the deadline. Instead, Plaintiff moved to extend the opposition deadline until February 8, 2013. Plaintiff failed to meet the February 8 deadline as well. Instead, on February 13, 2013, Plaintiff again moved to extend the opposition deadline until February 18, 2013.

On February 18, 2013, after having informed the court that it would not be retaining an expert five months prior, Plaintiff filed an untimely motion for leave to hire a rebuttal expert to rebut Defendants' expert, Dr. Piemonte.[8] On March 5, 2013, the court allowed Plaintiff's motion and issued the following order:

> As requested in Plaintiff's motion, Plaintiff's expert report is limited in scope to rebutting Defendants' expert, Thomas Piemonte M.D. Accordingly, Plaintiff's expert evidence cannot be used as part of its case-in-chief, but is limited to its rebuttal case.[9]

---

[8] Pl.'s Mot. Leave Hire Expert 1 [#93] ("Now comes Plaintiff, through counsel, and respectfully requests that this Honorable Court allow it leave of court to hire an expert to rebut the affidavit of Defendants' expert, Thomas Piemonte M.D., dated 12/28/12.").

[9] March 5, 2013 Order [#96]. The March 5 Order also warned Plaintiff that this was Plaintiff's "last chance" and that "[n]o further extensions will be granted."

On May 21, 2013, Plaintiff filed the expert report of Dr. Dan Michael Sodano ("Sodano Report") attached to its opposition to summary judgment.  Plaintiff did not file a motion to reconsider or otherwise object to the court's March 5 Order.  As a result, the Sodano Report, and any testimony derived therefrom, is properly limited to Plaintiff's rebuttal case.

III.   Discussion

    A.   Legal Standard

To prevail on a motion for summary judgment, the movant must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10]  The court must view the evidence in the record "in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving party."[11]

The movant may discharge its burden "by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."[12]  If the nonmovant bears the burden of proof at trial, the burden then shifts to the nonmovant to "present definite, competent evidence to rebut the motion."[13]  "In so doing, the nonmovant may not rest upon mere allegations in, say, an unverified complaint or lawyer's brief, but must produce evidence which would be admissible at trial to make out the requisite issue of material fact."[14]

    B.   Plaintiff's § 1983 Claim: Failure to Prove Causation

---

[10] Fed. R. Civ. P. 56(a).

[11] De La Cruz v. El Conquistador Resort & Country Club, 218 F.3d 1, 5 (1st Cir. 2000).

[12] Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

[13] Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991).

[14] Kelly v. United States, 924 F.2d 355, 357 (1st Cir. 1991).

Defendants move for summary judgment on the grounds that Plaintiff has failed to offer any expert evidence that is admissible in Plaintiff's case-in-chief to prove that Defendants' conduct caused Leslie's death. Defendants argue that, absent this evidence, Plaintiff's § 1983 claim must fail. This court agrees.

The purpose of summary judgment is to "assess the proof in order to see whether there is a genuine need for trial."[15] As a result, "summary judgment should be granted where the evidence is such that it 'would require a directed verdict for the moving party.'"[16]

Plaintiff has not offered any expert evidence of causation that is admissible in its case-in-chief. The injury that Plaintiff claims is Leslie's death. It is Plaintiff's burden to prove that Defendants' conduct caused Leslie's death. Expert evidence of causation is necessary in light of (1) the complexity of causation in this case, (2) Leslie's pre-existing heart condition, and (3) the Medical Examiner's findings.[17] Plaintiff does not dispute that causation is an essential element of its § 1983 claim, or that expert evidence is necessary to prove causation.[18] Plaintiff has not met its burden to produce this evidence.

---

[15] Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990) (quoting Fed. R. Civ. P. 56 advisory committee's notes).

[16] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986) (quoting Sartor v. Ark. Natural Gas Corp., 321 U.S. 620, 624 (1944)).

[17] See Alberson v. Norris, 458 F.3d 762, 765-66 (8th Cir. 2006); Gibson v. Weber, 433 F.3d 642, 646-47 (8th Cir. 2006); Robinson v. Hager, 292 F.3d 560, 564 (8th Cir. 2002); Barnes v. Anderson, 202 F.3d 150, 158-60 (2d Cir. 1999); Pritchard v. Stanley Access Tech., LLC, No. 08-11762-DPW, 2011 WL 309662, at *5 (D. Mass. Jan. 27, 2011); Wooler v. Hickman Cnty., No. 5:05CV-247-R, 2008 WL 5412826, at *12-14 (W.D.Ky. Dec. 30, 2008). Absent expert evidence, the jury would be forced to speculate as to the cause of Leslie's heart-related death. This is not a case in which causation can be reasonably inferred from lay knowledge.

[18] See Pl.'s Opp'n Summ. J. [#99].

It was Plaintiff's choice not to retain an affirmative expert to prove causation in its case-in-chief.  On September 17, 2012, Plaintiff informed the court that it would not be retaining an expert to prove its case.  The only expert evidence that Plaintiff offers is a rebuttal expert report, the Sodano Report.  Plaintiff's rebuttal evidence does not save its § 1983 claim because this evidence is not admissible in Plaintiff's case-in-chief, but is limited to Plaintiff's rebuttal case.

Absent proof of causation in Plaintiff's case-in-chief, there is no need to consider rebuttal evidence and Plaintiff's claim could not survive a motion for a directed verdict at the close of Plaintiff's case.  Because Plaintiff has not met its burden to provide affirmative evidence of an essential element of its §1983 claim, Defendants' motion for summary judgment is ALLOWED as to that claim.

### C.   Plaintiff's Battery Claim

As the parties are not diverse and no federal claim remains, this court declines to exercise supplemental jurisdiction over Plaintiff's state law battery claim pursuant to 28 U.S.C. § 1367(c).  Accordingly, Plaintiff's battery claim is dismissed without prejudice.

## IV.   Conclusion

For the above-stated reasons, Defendants' Motion for Summary Judgment [#82] is ALLOWED as to Plaintiff's § 1983 claim, and Plaintiff's battery claim is dismissed without prejudice.

AN ORDER HAS ISSUED.

　　　　　　　　　　　　　　　　　　　　　　　/s/ Joseph L. Tauro
　　　　　　　　　　　　　　　　　　　　　　United States District Judge